IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

CARLOS ZAPATA-HERNANDEZ

Case No. 04-cr-00403-LTB-01
       (04-mj-01184)

       Defendant(s).

_____

ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION OF RELEASE ON BOND
_____

**Patricia A. Coan, Magistrate Judge**

Following a hearing on September 7, 2004, defendant was detained pending

further proceedings.  In the Order of Detention Pending Trial, Magistrate Judge

Schlatter found that defendant should be detained because the evidence showed that

defendant was the head of a major drug organization; that he was considered to be a

risk of danger to the public because he had issued a directive to a subordinate to kill

persons believed to be responsible for the arrest of co-defendants; that he had not

rebutted the presumption that he be detained; and that he was both a flight risk and a

danger to the public.  See September 14, 2004 Order of Detention Pending Trial.

Defendant now moves for an order releasing him on bond because he will make

his home and his rental property available as security for a bond.   See Carlos Zapata's

04-cr-00443-LTB-01
June 7, 2006

Motion to Revoke Detention Order and Hearing on Reconsideration of Release on

Bond,  Docket # 690, filed April 21, 2006, replaced by Carlos Zapata's [AMENDED]

Motion to Revoke Detention Order and Hearing on Reconsideration of Release on

Bond,  Docket # 691, filed April 24, 2006 (Zapata Motion)[1] at 3.  Further, various friends

and relatives of Mr. Zapata will testify that he is not a flight risk and will post their real

property and other assets as security for a bond.  See Zapata Motion at 4-6.  There is,

finally, some indication that Mr. Zapata has been offered a job.  *Id.* at 4.

I held a hearing on defendant's motion to revoke detention on May 9, 2006.

Stephanie Podolak represented the government and Richard Tegtmeier represented

defendant, who was present.  The court heard defense counsel's offer of proof and the

arguments of counsel, took the motion under advisement, and ordered further briefing

about whether persons known to defendant at the time of his detention hearing who will

now post their property on his behalf meet the Bail Reform Act's requirements for

reconsideration of bond.

I.

Under 18 U.S.C. §3142(f)(2)(B), a judicial officer may reopen a bond hearing "at

any time before trial if the judicial officer finds that information exists that was not

known to the movant at the time of the hearing and that has a material bearing on the

---

[1]  Documents 690 and 691 contain the same motion to revoke bond addressed in this Order. Doc. No. 691 has a signature page was which was missing from Doc. # 690.

04-cr-00443-LTB-01
June 7, 2006

issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the community."

Consequently, the information must be both material and must not have been know to the movant at the time of the first hearing.  If both parts of the test are not met, the judicial officer then may decline to reopen a bond hearing.

In *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991), the Court considered a similar motion to reopen the issue of bond.  Dillon proffered affidavits from a number of individuals who averred that the defendant was not a flight risk and was of good character.  The defendant's father's house also was offered as security.  The district court denied bond, reasoning that the information contained in the affidavits was available and could have been offered at the initial detention hearing and was therefore known to the movant.  The United States Court of Appeals for the First Circuit affirmed the decision to not reopen the bond hearing without further comment.

III.

Here, probable cause was required to indict Mr. Zapata with violations of  the Controlled Substances Act, for which he may receive a sentence of imprisonment for ten or more years.  See 21 U.S.C. § 801 et seq.   Consequently, the rebuttable presumption of § 3142(e) of the Bail Reform Act applies, which is that  "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

04-cr-00443-LTB-01
June 7, 2006

safety of the community····" 18 U.S.C. § 3142(e).   While a defendant must produce

some amount of evidence to rebut the presumption, the  presumption does not

disappear, but the government always retains the burden of proof regarding the flight

risk and danger factors.  See *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th

Cir. 1991).

The information presented in defendant's motion clearly is material to the

question of bond; the issue is whether it was information unknown to defendant on

September 7, 2004.

I find that, on the initial detention hearing date of September 7, 2004, defendant

must have known of the existence of his own real property and of his own rental

property.  See Doc. #691 at 3.  I next find that during that hearing, his attorney stated

that defendant had property in the Denver area, so that the court could have

considered Mr. Zapata's property as security for a bond.  See Sept. 7, 2004

Preliminary/detention Hearing Transcript (Tr.) at 147: ll. 23-24.  The friends and family

members who are now willing to testify that defendant is not a flight risk and who

indicate that they would post their real property or other assets on defendant's behalf

have been known to defendant for varying periods of time from eight to twenty-five

years.  See Doc. # 691 at 4-7.  Further, at the September 7, 2004 hearing, Zapata

knew that his own assets were tied up in a forfeiture action, see Tr. 148:ll. 4-8, and thus

I find that he knew then that he would have to rely on friends and family.  Indeed, one

4

04-cr-00443-LTB-01
June 7, 2006

of Mr. Zapata's lawyer's arguments for bond was that Mr. Zapata's "entire family" was in Colorado, and that Zapata had lived in Denver twenty years.  See Tr. 147: ll.21-25.

Mr. Zapata argues that, although he knew the family members and friends described in the Zapata Motion as of the September 7, 2004 hearing, he did not know that they would post property or otherwise testify for him, and that fact is the new information.  I disagree.  Mr. Zapata knew the people named in his motion and could have asked them in September 2004 whether they would post property for a bond or whether they would testify for him.  Accordingly, I find, similarly to the District Court's reasoning in *Dillon*, that defendant had the testimony of friends and family available to him, and that because he knew them and no doubt knew where they lived, he also knew that friends and family had real property and other assets which could have used as security for bond.  I also find that the information was available to Mr. Zapata from September 1, 2004, when he was arrested, through his detention hearing six days later, but that Mr. Zapata failed to collect the information for presentation to the court at the original detention hearing.  Accordingly, the proffer contained in the Zapata Motion is not new material information, but was material information available to defendant as of his original detention hearing.[2]  I finally find that because the information was available and thus known to Mr. Zapata in September 2004, Mr. Zapata does not meet the

---

[2]  I do note that the job offer was not known to Mr. Zapata on September 7, 2004.  That unverified proffer alone is not enough to overcome the presumption of detention.

04-cr-00443-LTB-01
June 7, 2006

second element of the Bail Reform Act's test for reopening the issue of bond.[3]  Both

elements must be met before a bond hearing maybe reopened.  See 18 U.S.C.

.§3142(f)(2)(B).

IV.

Accordingly, for the reasons stated, it is

**ORDERED** that Carlos Zapata's [AMENDED] Motion to Revoke Detention Order

and Hearing on Reconsideration of Release on Bond,  Docket # 691, filed April 24,

2006, is denied.  It is further

**ORDERED** that Carlos Zapata's Motion to Revoke Detention Order and Hearing

on Reconsideration of Release on Bond,  Docket # 690, filed April 21, 2006, Doc. # 690

is denied as mooted by the filing of Doc. # 691.  It is further

**ORDERED** that Mr.  Zapata may raise the issue of whether Mr. Zapata's due

process rights have been violated because of the length of his incarceration in a

separate appropriate motion, to be filed no later than **June 19, 2006**.

Dated:  June 7, 2006.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge

---

[3]  In his May 12, 2006 further briefing, see Doc. # 742 at 2-3, Mr. Zapata also contends that he should be released on bond because he has been incarcerated for 21 months in violation of his due process rights.  That new argument was raised in a response brief and is not properly before the court.